LARRY DOUGLAS ALEXANDER v. MARTHA CABLE ALEXANDER

No. 8328DC391

(Filed 5 June 1984)

**Divorce and Alimony § 21.9— denial of equitable distribution—findings insufficient to support ultimate disposition of the marital property**

An order in a divorce action of unequal division of the marital property may be justified only if the trial court finds that facts exist which compel the conclusion that an equal division would not be equitable. In the case *sub judice*, the trial court's findings were not sufficient to support its ultimate disposition of the parties' marital property and were insufficient to allow the Court of Appeals to determine from the record the basis upon which the trial court reached its legal conclusion, and the trial court's conclusion that an equal division of the parties' marital property would not be equitable was not supported by its findings.

APPEAL by plaintiff from *Styles, Judge.* Judgment entered 16 December 1982 in BUNCOMBE County District Court. Heard in the Court of Appeals 6 March 1984.

Following the separation of the parties on 20 November 1980, plaintiff filed his action for absolute divorce on 23 November 1981. Defendant counterclaimed for alimony, child custody, and equitable distribution of marital property. The divorce action was severed for trial and judgment for divorce was entered 2 April 1982. On 22 March 1982, an order was entered denying defendant alimony *pendente lite*, awarding custody of the parties' two minor children to plaintiff, and ordering the parties to arrange reasonable visitation between defendant and the children. On 28 May 1982, defendant moved the trial court for full visitation rights. On 23 July 1982, an order was entered denying defendant any visitation pending a psychiatric examination. In that order, the trial court found that during a previous separation of the parties, defendant physically removed the children and their belongings from their home and that on that occasion and on the occasion of the final separation, defendant asked the children to leave the home; that defendant had physically abused the children; and that the children were afraid of defendant. It appears that defendant later abandoned her effort to gain custody.

At the hearing on defendant's claim for equitable distribution and alimony, the evidence pertinent to the issues in this appeal

tended to show, in addition to the history of the case stated above, that the parties owned a residence in Clay County and also owned real property adjacent to their residence. All of this property, comprising 6.4 acres of land, was acquired by the parties as tenants in common. The land was acquired in part with the aid of a gift and a loan to the parties from defendant's mother and in part with funds obtained through a mortgage loan, negotiated in 1971. In 1979, the appraised value of this real estate was between $60,000.00 and $73,000.00. The balance due on the residence mortgage was approximately $12,500.00. Before the separation, plaintiff paid the mortgage payments of $101.00 per month; since their separation defendant has made the payments.

At the time they separated, the parties owned miscellaneous household furnishings, a 1979 Ford (or Dodge) truck, a 1970 Ford Maverick automobile, three motorcycles, two lawn mowers, three cameras, a movie projector, a chain saw, some guns, and some power tools. At the time of separation, plaintiff owned 225 shares of stock in Litton Industries, which he sold in 1980 for $3,868.00, and plaintiff was the beneficiary of a vested retirement pension fund, valued at the time of trial at approximately $7,000.00.

At the time of the trial, plaintiff owned no real property other than the marital property in Clay County, while defendant owned a mobile home located on a .08 acre lot in Clay County, which is adjacent to the marital property that was inherited from her mother. Defendant's lot and mobile home are free of debt. Defendant also had about $3,700.00 in bank accounts, while plaintiff's bank accounts totaled about $350.00.

Plaintiff was employed, making about $19,000.00 a year. Defendant, a licensed cosmetologist and real estate broker was not employed.

Plaintiff was in good health. Defendant had been treated by a psychiatrist, but was not receiving current treatment or taking medication. Defendant suffered from paranoia and it would be difficult for her to maintain employment, but she is employable. Her condition is manageable and curable, but she will be in need of treatment for some extended period of time.

Following the hearing, the trial court entered an order in which it denied defendant's claim for alimony, but found and con-

cluded that an equal distribution of marital property would not be equitable. The order awarded defendant the parties' residence and adjoining land and awarded plaintiff the few personal belongings he took with him when the parties separated, plus his pension fund. In our opinion, we will discuss the trial court's findings and conclusions more specifically.

*Gray, Kimel & Connolly, P.A., by David G. Gray, for plaintiff.*

*Riddle, Shackelford & Hyler, P.A., by George B. Hyler, Jr., for defendant.*

WELLS, Judge.

In the record on appeal plaintiff has grouped nineteen exceptions under one assignment of error, and in his brief has presented fifteen of those exceptions in one argument. Plaintiff's exceptions, so lumped together, present issues of law as to whether the evidence supports findings of fact, as to whether the findings of facts support conclusions, and as to whether the judgment is supported by the evidence and conclusions. Such procedure is in clear violation of Rules 10 and 28 of the Rules of Appellate Procedure and therefore this appeal is subject to dismissal. Because of the important questions apparent in the appeal, we deem it appropriate, in our discretion, to consider plaintiff's appeal on its merits.

North Carolina's Equitable Distribution of Marital Property Act (the Act), N.C. Gen. Stat. § 50-20 and -21 (1983 Cum. Supp.), provides for the equitable distribution of marital property upon divorce. A threshold requirement of the Act is for the trial court, by appropriate findings of fact, to determine what property owned by the parties to the divorce constitutes "marital property." G.S. § 50-20(a). The rights of the parties to such property vest at the time of filing of the divorce action, G.S. § 50-20(k), but in a G.S. § 50-6 divorce (i.e., based on one year's separation) as is the case here, the property must be valued as of the time of separation of the parties, G.S. § 50-21(b). The division of property is to be accomplished by using "net value," G.S. § 50-20(c); but the statute does not define "net value." Resorting to accepted standards of statutory construction, we give the term "net value" its ordinary and commonly understood interpretation:

i.e., market value, if any, less the amount of any encumbrance serving to offset or reduce market value.

Having determined what property has properly vested as marital property and its net value at the time of separation, the trial court must then make an equal division of such property "unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property equitably." G.S. § 50-20(c). In making these determinations, the court must consider the following factors:

(1) The income, property, and liabilities of each party at the time the division of property is to become effective;

(2) Any obligation for support arising out of a prior marriage;

(3) The duration of the marriage and the age and physical and mental health of both parties;

(4) The need of a parent with custody of a child or children of the marriage to occupy or own the marital residence and to use or own its household effects;

(5) The expectation of nonvested pension or retirement rights, which is separate property;

(6) Any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services, or lack thereof, as a spouse, parent, wage earner or homemaker;

(7) Any direct or indirect contribution made by one spouse to help educate or develop the career potential of the other spouse;

(8) Any direct contribution to an increase in value of separate property which occurs during the course of the marriage;

(9) The liquid or nonliquid character of all marital property;

(10) The difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the

economic desirability of retaining such asset or interest, intact and free from any claim or interference by the other party;

(11) The tax consequences to each party; and

(12) Any other factor which the court finds to be just and proper.

We are persuaded, and so hold, that this statute sets forth a presumption of equal division which requires that the marital property be equally divided between the parties in the usual case and in the absence of some reason(s) compelling a contrary result. If, in a particular case, the court concludes after its careful and clearly articulated consideration of all of the statutory factors and of any non-statutory factor raised by the evidence which is reasonably related to the rights to, interest in, and need for the marital property, that an equal division is not equitable, the trial court may properly order an unequal division, but should state in its order the basis and reasons for its division. In other words, the trial court should clearly set forth in its order findings of fact based on the evidence which support its conclusion that an equal division is not equitable. Such a proper order should not be disturbed on appeal unless the appellate court, upon consideration of the cold record, can determine that the division ordered by the trial court, has resulted in an obvious miscarriage of justice.

With these principles in mind, we now address plaintiff's assignments of error. Plaintiff has attacked a number of the trial court's findings of fact as not being supported by the evidence. The trial court's findings, such as they were, appear to be supported by the evidence and are therefore binding on us. We do note, however, that the findings as to how the parties acquired their marital residence property are somewhat confusing, but since the trial court classified this property as marital property, these findings are not *ipso facto* erroneous. The trial court's findings, however, are not sufficient to support its ultimate disposition of the parties' marital property and are not sufficient to allow us to determine from the record the basis upon which the trial court reached its legal conclusions. *See Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). The findings were deficient in the following specific respects.

Alexander v. Alexander

First, the findings failed to establish the net value of the parties' marital property, either personal or real, at the time of the parties' separation.

Second, the findings as to G.S. § 50-20(c)(1) dealt only with plaintiff's income, did not mention defendant's income or ability to earn[1] and did not reach the matter of the property of the parties, nor their liabilities, at the time the division of the property was to become effective.

Third, there were no findings as to the age or mental or physical health of the parties.[2]

Fourth, although the evidence showed plaintiff to be the custodial parent, there were no findings as to plaintiff's need to occupy *or own* the marital residence or plaintiff's needs to own or use its household effects.

Fifth, there were no findings as to the liquid or nonliquid character of the parties' marital property.

For clarity, we note that some of the conclusions entered by the trial court were actually findings of fact.

For the reasons we have given, the trial court's conclusion that an equal division of the parties' marital property would not be equitable is not supported by its findings of fact. Additionally, we emphasize that upon remand, an order of unequal division may be justified only if the trial court finds that facts exist which compel the conclusion that an equal division would not be equitable.

This matter must be remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges ARNOLD and BRASWELL concur.

---

[1]. The evidence showed that although defendant was unemployed, she was both a licensed real estate broker and a licensed cosmetologist.

[2]. Although the trial court recited medical testimony bearing on defendant's mental health, such recitations do not constitute findings of fact.