JOHNNIE HINTON, JR. v. MARGIE C. HINTON

No. 8310DC1222

(Filed 16 October 1984)

1. **Divorce and Alimony § 30— equitable distribution of marital property—marital misconduct not factor**

Marital misconduct or fault is not a proper factor to be considered under the catch-all provision of G.S. 50-20(c)(12) in determining what constitutes an equitable distribution of marital property.

2. **Divorce and Alimony § 30— equitable distribution of marital property—evidence of physical abuse**

In a proceeding to determine the equitable distribution of marital property, the trial court erred in admitting and considering evidence that plaintiff husband physically abused his wife throughout the course of the marriage, and the court erred in concluding that the wife was entitled to a greater share of

the property than the husband based in part upon a determination that injuries from beatings received by defendant have affected her employability.

**3. Pleadings § 37.1— admission of allegations—proof not necessary**

Where plaintiff's reply admitted the allegations of defendant's counterclaim that a certain house was marital property, the reply constituted a judicial admission that the house was marital property and conclusively established that fact for the purposes of the case.

Judge BECTON dissenting.

APPEAL by plaintiff from *Creech, Judge.* Judgment entered 7 September 1983 in District Court, WAKE County. Heard in the Court of Appeals 31 August 1984.

*DeMent, Askew and Gaskins by Johnny S. Gaskins for plaintiff appellant.*

*Edelstein, Payne and Jordan by Thomas W. Jordan, Jr., for defendant appellee.*

BRASWELL, Judge.

When plaintiff-husband filed an action for divorce based on one year's separation, defendant-wife filed a counterclaim asking for an equitable distribution of the marital property pursuant to G.S. 50-20. In his reply to the counterclaim the husband joined in the wife's prayer for relief of equitable distribution. The divorce action was filed 2 November 1982. An absolute divorce was granted on 26 January 1983. The judgment for equitable distribution was filed 14 September 1983.

In the separate hearing on the matter of equitable distribution of the marital property the trial court admitted evidence, over the husband's objection, showing that the husband had physically abused the wife during the course of their marriage. The court, relying in part on the evidence of husband's abuse of wife, concluded that an equal division of the marital property would not be equitable and awarded defendant-wife a greater share of the property. From the judgment entered, the husband appealed.

[1] The primary issue presented by this appeal is whether marital misconduct, or fault, is a proper factor to be considered in determining what constitutes an equitable distribution of marital

property. When we refer to fault, or marital misconduct, we mean conduct that undermines the marital relationship, such as cruelty, abandonment, adultery, or indignities. We believe fault is not a relevant consideration in distributing marital property.

G.S. 50-20(c) provides that a court in determining an equitable distribution of marital property must consider the eleven specific factors enumerated therein. In addition, the court is directed to consider as a twelfth factor "[a]ny other factor which the court finds to be just and proper." G.S. 50-20(c)(12). Fault is neither expressly included nor excluded from the list of appropriate factors. The statute leaves unanswered the question whether fault may be considered under the twelfth factor, which is commonly referred to as the catch-all provision.

There is little uniformity among states with equitable distribution statutes as to whether fault should be considered in distributing marital property. A number of states by statute exclude marital misconduct or fault as a consideration in equitable distribution proceedings, see, e.g., Del. Code Ann. tit. 13, Sec. 1513(a) (1981); Ill. Ann. Stat. Ch. 40, Sec. 503(d) (Smith-Hurd 1984); Minn. Stat. Ann. Sec. 518.58 (West 1984), while in other states, courts are required to consider fault in making an equitable distribution. See, e.g., Conn. Gen. Stat. Ann. Sec. 46b-81(c) (West 1984); Mass. Gen. Laws Ann. Ch. 208, Sec. 34 (West 1984); Mo. Ann. Stat. Sec. 452.330.1(4) (Vernon 1984). In at least two states consideration of fault is discretionary with the trial courts. See Ala. Code Sec. 30-2-52 (1983); Vt. Stat. Ann. tit. 15, Sec. 751 (Equity 1984).

Even in those states which have an equitable distribution statute containing a catch-all provision similar or analogous to the one contained in N.C.G.S. 50-20(c)(12), their courts have been unable to agree on this issue. See Blickstein v. Blickstein, 99 A.D. 2d 287, 472 N.Y.S. 2d 110 (1984); In re Marriage of Williams, 199 N.W. 2d 339 (Iowa 1972); Chalmers v. Chalmers, 65 N.J. 186, 320 A. 2d 478 (1974) (fault not relevant consideration). But see LaRue v. LaRue, 216 Kan. 242, 531 P. 2d 84 (1975); Hultberg v. Hultberg, 259 N.W. 2d 41 (N.D. 1977) (fault should be considered). As an illustration, we refer to Blickstein, supra, where the issue before the court was whether marital fault was a relevant consideration under the catch-all provision of New York's equitable distribution

statute, N.Y. Domestic Relations Law Sec. 236, part B, subd. 5, par. d, cl. [10], which is remarkably similar to the catch-all provision in our statute. It provides that in addition to the nine listed statutory factors which the New York court must consider the court may consider "any other factor which the court shall expressly find to be just and proper." The court concluded that as a general rule, the marital fault of a party is not a relevant consideration in determining an equitable distribution, reasoning as follows:

> It has been repeatedly emphasized that the marriage relationship is to be viewed as, among other things, an economic partnership and that upon dissolution the accumulated property should be distributed on the basis of the economic needs and circumstances of the case and of the parties . . . . It would be, in our view, inconsistent with this purpose to hold that marital fault should be considered in property distribution. Indeed, it would introduce considerations that are irrelevant to the basic assumptions underlying the equitable distribution law, i.e., that each partner has made a contribution to the marital partnership and that upon its dissolution each is entitled to his or her fair share of the marital estate . . . . Moreover, fault is very difficult to evaluate in the context of a marriage and may, in the last analysis, be traceable to the conduct of both parties. (Citations omitted.)

*Id.* at 291-92, 472 N.Y.S. 2d at 113.

We have carefully considered the arguments on both sides of this issue and recognize that strong arguments can be made both for and against the consideration of fault in equitable distribution proceedings. However, we are persuaded that the position most consistent with the policy and purpose of North Carolina's equitable distribution statutes is the position taken by the New York court in *Blickstein*—that fault is not a relevant or appropriate consideration in determining an equitable distribution of marital property.

Our equitable distribution statute, G.S. 50-20, was enacted in recognition of marriage as a partnership, economic and otherwise, to which both parties contribute either directly or indirectly. By enacting G.S. 50-20, our Legislature granted courts the power to

consider factors other than legal title in distributing the marital assets upon the dissolution of the marriage thereby permitting courts to make an equitable distribution which effects a return to each party of that which he or she contributed to the marriage. As we interpret it, the policy behind G.S. 50-20 is basically one of repayment of contribution. We believe it would be inconsistent with this policy to hold that courts may consider fault in making such distributions.

In *Chalmers v. Chalmers*, 65 N.J. 186, 194, 320 A. 2d 478, 483 (1974), the Supreme Court of New Jersey reached the same conclusion in interpreting its property distribution statute based on the following reasoning:

> [T]he statutory provision for equitable distribution of property is merely the recognition that each spouse contributes something to the establishment of the marital estate even though one or the other may actually acquire the property. Therefore, when the parties become divorced, each spouse should receive his or her fair share of what has been accumulated during the marriage. The concept of fault is not relevant to such distribution since all that is being effected is the allocation to each party of what really belongs to him or her.

A second reason given by the court in *Chalmers* in support of its holding that fault should be excluded as a consideration in equitable distribution proceedings was that marriage is such an intricate relationship that it is often very difficult, if not impossible, to determine who is really at fault in the breakup of a marriage. *Id.* at 193, 320 A. 2d at 482. We agree. We further believe that it was not the intent of our Legislature by its inclusion of the catch-all provision, G.S. 50-20(c)(12), to give courts the inherently arbitrary power to place a monetary value on the misconduct of a spouse in dividing property. Placing such a value on fault is what must necessarily occur if fault is to be considered in determining an equitable division of property. In our opinion the only justification for allowing courts to consider fault in dividing marital property is to permit them to use their power to punish the "guilty" spouse. We cannot believe this is what our Legislature intended. The statute must not be considered a penalty statute. As said in Note, The Discretionary Factor in the Equitable Distribution Act,

60 N.C.L. Rev. 1399, 1405 (1982), " 'fault may be merely the manifestation of a sick marriage.' (Citation omitted)."

One final reason for excluding fault as a consideration in equitable distribution proceedings is the fact that the Legislature has abolished fault-based divorces and established the "no fault" absolute divorce, G.S. 50-6, based on one year's separation. More importantly, the Legislature has demonstrated through G.S. 50-16.2 and G.S. 50-16.5(b) that the appropriate forum for the consideration of fault in divorce proceedings is in the determination and award of alimony. *See Williams v. Williams,* 299 N.C. 174, 261 S.E. 2d 849 (1980). G.S. 50-16.2 requires that the dependent spouse first establish a fault ground in order to be entitled to an award of alimony. Furthermore, according to G.S. 50-16.5(b), the fault of the dependent spouse may be used in determining the actual amount of alimony given to the dependent spouse. It is clear that the Legislature intended fault to be a consideration in awarding alimony. No such intent is evident from G.S. 50-20 nor is fault appropriate in determining what is an equitable settlement and division of property between the parties.

[2] In the present case, the plaintiff-husband contends the court's admission and consideration of evidence showing that he physically abused his wife throughout the course of the marriage constituted prejudicial error. We agree. We believe it is clear from the judgment entered, and neither party argues otherwise, that the court both considered and relied upon evidence of fault in determining the distribution of the marital property.

In the judgment, the court made several findings of fact which relate solely to the husband's abuse of his wife which may be summarized as follows: that throughout their marriage, the husband was argumentative with his wife, threatened her verbally, and assaulted her physically; that in 1972, the husband chased his wife around their house with a loaded shotgun and told her he was going to blow her head off; that in 1980, the husband pointed a loaded shotgun within inches of his wife's head and told her to "say your prayers because it will be the last time you see daylight," and kept the gun pointed at her head for at least thirty minutes; that in 1976, the husband beat his wife with his shoe; that in 1981, while the wife was talking on the phone, the husband ripped the phone off the wall and chased his wife with a

butcher knife; that on another occasion, the husband beat both his wife and one of their daughters; that in addition to the above instances, the husband struck his wife approximately once to twice monthly for the last two or three years preceding their separation; that all of the above-mentioned incidents occurred without provocation by the wife; and that the husband admits striking his wife on two occasions including one time when he spanked her over his knee when she was thirty-five years old.

The court also found that in 1975, the husband contracted venereal disease and gave it to his wife; that in an argument over this the husband struck his wife in her face with his fists causing a detached retina and some scarring of the eye tissue in her left eye; that the wife still suffers from the injury and it affects her ability to work; and that at least in part, the gross disparities in the parties' incomes is due to the wife's eye injury caused by the husband's beating. Such evidence unquestionably constitutes evidence of fault and was improperly considered by the court.

Based on such findings, the court made several conclusions of law including the following:

> 5. An equal division of the marital property was not equitable due to the disparity in income of the parties, injuries from the beatings received by Defendant which have affected her employability, the duration of the marriage, the disparity between the retirement rights of the parties, and the indirect contribution of the Defendant to help in the career potential of the Plaintiff.

In addition, the court stated twice under its findings of fact that it found an equal division of the marital property would not be equitable. In one of these findings, the court indicated it based its finding on the factors listed in Conclusion Number 5 with the exception of "injuries from the beatings received by Defendant which have affected her employability" which was omitted. In the other finding, the court did not state any factors or evidence as the basis for its finding.

Thus, it is not entirely clear what evidence the court felt was determinative in reaching its conclusion that an equal division was not equitable. However, in Conclusion Number 5 the court indicated it based its conclusion in part on "injuries from the

beatings received by Defendant which have affected her employa-
bility," which we believe reflects the court's consideration of
evidence showing the husband beat his wife and reflects the
court's apparent belief that because it is the husband's fault that
his wife's future earning ability is limited, his share of the marital
property should be reduced. In light of this part of Conclusion
Number 5 and the extensive findings made by the court with
respect to the fault evidence, we believe it is clear the court im-
properly relied upon the evidence of fault in determining the
distribution of the marital property. In so doing, the court com-
mitted prejudicial error which requires that the judgment be
vacated and the cause remanded for a new hearing. We note that
on remand the court may possibly again conclude that an equal
division is not equitable and order the same or similar distribu-
tion as originally ordered; but if the court does so, it must sup-
port its conclusion and distribution with adequate findings based
on proper evidence and statutory factors and not on evidence of
the fault of the parties.

[3]  Plaintiff-husband also assigns as error on appeal the court's
classification of the parties' marital home, located at 861
Newcombe Road in Raleigh, as marital property. We find this
argument meritless. In paragraph fifteen of her answer and
counterclaim, defendant-wife alleged as follows:

> 15. Throughout the marriage of the parties, Plaintiff and
> Defendant acquired certain property that is marital property,
> including but not limited to the following: (a) a house located
> at 861 Newcomb [sic] Road, Raleigh, North Carolina . . . .

In his reply, plaintiff admitted the allegations of this paragraph of
the counterclaim thereby admitting that the house in question
was marital property.

It has long been established that where there is an admission
in the final pleadings defining the issues and on which the case
goes to trial, such admission is a judicial admission which con-
clusively establishes the fact for the purposes of that case and
eliminates it entirely from the issues to be tried. See 2 Brandis on
North Carolina Evidence Sec. 177 (2d ed. 1982); Watson v. White,
309 N.C. 498, 509, 308 S.E. 2d 268, 275 (1983). Since plaintiff's re-
ply was not amended, it constituted a judicial admission that the
house was marital property, thus conclusively establishing that

Hinton v. Hinton

fact for purposes of this case. On remand the husband will not be allowed to offer evidence, as set out in the brief, to show that the house was purchased on 16 December 1963 and titled in plaintiff's and defendant's names, and that they were not married until 2 May 1964.

The judgment is vacated and the case is remanded for a new hearing on the equitable distribution of the marital property. Because there was no error in the determination of what was marital property, the focus of the new hearing must be upon what division constitutes an equitable distribution.

Vacated and remanded.

Judge HILL concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Although I agree with the majority that fault in the abstract should not be considered in equitably distributing marital property, I discern a legislative intent, as expressed in N.C.G.S. 50-20(c)(1), (3) and (7) (Supp. 1983), to consider the parties' relative economic positions, to consider the physical and mental health of the parties, and to consider one spouse's contributions to develop the career potential of the other spouse in an equitable distribution. Therefore, and by way of example, if the trial court can consider one spouse's effort in developing the career potential of the other spouse, the trial court ought to also be allowed to consider one spouse's efforts to *diminish* the career potential of the other spouse. In this case, the trial court did not rely on any of its numerous findings concerning "fault" to support the unequal distribution it made. Rather the trial court concluded that the husband's beatings resulted in injuries which diminished the wife's employability. Believing that the trial court fulfilled the legislative intent, and did not rely on "fault," I dissent.