JAMES R. SMITH v. BARBARA WYITE SMITH

No. 837DC636

(Filed 6 November 1984)

1. **Divorce and Alimony § 21.9— equitable distribution—improper findings of fact**

   An equitable distribution order awarding sole ownership of the marital home, the only marital·asset, to plaintiff husband must be vacated where some of the court's findings are improperly based on marital fault, and other findings involve matters which G.S. 50-20 expressly excludes from consideration in determining the distribution of marital property. G.S. 50-20(c)(3) and (6); G.S. 50-20(f).

**2. Divorce and Alimony § 21.9— equitable distribution—proper findings**

Findings as to the need of a parent with custody of the children of the marriage to own the marital residence and as to contributions made by the husband for the wife to obtain a Master of Library Science degree, thus advancing her career, were appropriate for consideration by the court in determining the distribution of marital property. G.S. 50-20(c)(4) and (7).

**3. Divorce and Alimony § 21.9— equitable distribution of marital property—proper and improper findings—remand for new order**

Where an equitable distribution order contained findings which the court properly could consider and findings which it could not, the cause must be remanded for a new equitable distribution award based solely on appropriate findings.

APPEAL by defendant from *Harrell, Judge*. Order entered 21 February 1983 in District Court, EDGECOMBE County. Heard in the Court of Appeals 24 September 1984.

Defendant-wife appeals from an equitable distribution order awarding sole ownership of the marital home, the only marital asset, to plaintiff-husband.

*Moore, Diedrick, Whitaker & Carlisle, by Joy Sykes, for plaintiff appellee.*

*Evans & Lawrence, by Antonia Lawrence, for defendant appellant.*

WHICHARD, Judge.

[1] Plaintiff-husband brought this action against defendant-wife seeking an absolute divorce and an equitable distribution of the marital property pursuant to G.S. 50-20. Plaintiff specifically sought absolute fee simple title to the former marital home, the only asset to be divided and owned by plaintiff and defendant as tenants by the entirety. Defendant-wife also requested absolute divorce and equitable distribution of marital property. The trial court awarded sole ownership of all marital property, i.e., the marital home, to plaintiff-husband. The propriety of that award is the sole issue. Because the court may have based its award on improper considerations, we vacate and remand for entry of a new order.

---

---

I

In *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772, 775 (1984), this Court stated that G.S. 50-20 "sets forth a presumption of equal division which requires that the marital property be equally divided between the parties in the usual case and in the absence of some reason(s) compelling a contrary result." The presumption may be overcome.

> If, in a particular case, the court concludes after its . . . consideration of all . . . the statutory factors and . . . any non-statutory factor raised by the evidence which is reasonably related to the rights to, interest in, and need for the marital property, that an equal division is not equitable, the trial court may properly order an unequal division . . . . [It] should clearly set forth in its order findings of fact based on the evidence which support its conclusion that an equal division is not equitable.

*Id.* at 552, 315 S.E. 2d at 775-76. If the trial court proceeds as above, a "proper order" results which will not be reversed on appeal unless the record indicates an obvious miscarriage of justice. *Id.* at 552, 315 S.E. 2d at 776.

II

For purposes of this case, *Alexander* should be construed in conjunction with *Hinton v. Hinton*, 70 N.C. App. 665, 321 S.E. 2d 161 (1984). In enacting the equitable distribution statutes, G.S. 50-20, -21, the General Assembly failed to specify "whether fault or misconduct is an appropriate factor to be weighed in making the distribution." Note, The Discretionary Factor in the Equitable Distribution Act, 60 N.C. L. Rev. 1399, 1403 (1982). This Court has held, however, that "the position most consistent with the policy and purpose of [the] statutes is . . . that fault is not a relevant or appropriate consideration in determining an equitable distribution of marital property." *Hinton*, 321 S.E. 2d at 163. "[I]t was not the intent of our Legislature . . .," the Court stated, "to give courts the inherently arbitrary power to place a monetary value on the misconduct of a spouse in dividing property." *Id.* at 669, 321 S.E. 2d at 163. While Judge Becton dissented, believing that under the facts of that case the trial court had fulfilled the legislative intent and had not relied on fault, he agreed "that fault in the abstract

should not be considered in equitably distributing marital proper-
ty . . . ." *Id.* at 673, 321 S.E. 2d at 165.

## III

In light of the *Hinton* holding on fault, the "proper order"
contemplated in *Alexander*, 68 N.C. App. at 552, 315 S.E. 2d at
776, is not before this Court. The pertinent findings of fact made
by the trial court are as follows:

14. The circumstances of the instant case and of the
respective parties hereto warrant that an equal division of
the marital property is not equitable based on the following
facts:

a. The Defendant abandoned the Plaintiff and the
two minor children willfully, without justification, without
the knowledge or consent of the Plaintiff and without any in-
tent to renew the marital relationship.

b. The Defendant is an excessive user of alcoholic
beverages, having frequented illegal "whiskey houses" and
having failed to properly supervise and care for the minor
children prior to the separation.

c. On several occasions the Defendant left the chil-
dren with a babysitter until very late at night and on one oc-
casion the babysitter called the Plaintiff father at three
o'clock a.m. to pick up the minor children.

d. During the year that the Plaintiff and Defendant
have been separated, the Defendant has not visited with the
children on a regular basis, having seen them approximately
five or six times for a maximum period of a few hours, nor
has the Defendant provided the minor children with clothing
or other necessities.

e. The Defendant is not at the present time con-
tributing anything towards the support and maintenance of
the minor children born and adopted to the marriage of the
Plaintiff and Defendant.

f. The Plaintiff needs continued possession and own-
ership of the former marital home for the benefit of the
minor children.

Smith v. Smith

g. The Defendant holds the degree of Master of Library Science and is gainfully employed with the Nash County Board of Education earning a net income of approximately $11,000.00 per year.

h. The Plaintiff is retired from the Marine Corps and has been required to support the minor children and provide for all of the household bills including the mortgage payment for the former marital home, with his retirement pay of approximately $800.00 to $900.00 per month.

i. The Plaintiff provided for the Defendant to obtain her degree of Master of Library Science, thus advancing her career as a teacher and allowing her to earn a better salary.

j. The [Plaintiff] has made all of the monthly payments on the outstanding indebtedness on the marital home from his salary and retirement from the Marine Corps.

k. The Plaintiff has masonry, carpentry and other similar skills and has contributed substantially to the value of the home by making such improvements as enclosing the carport, building a brick barbeque, insulating, painting and other improvements. The Plaintiff has also provided the purchase price of the materials necessary to make these improvements.

l. During the time that the Plaintiff was overseas in connection with his service in the military, the Defendant provided the minor children with basic care such as cooking meals and buying clothes, the majority of the expenses being paid for by the Plaintiff father; however, the Defendant has not contributed in a meaningful way to the marriage since then, either financially or emotionally.

m. In all likelihood, the Plaintiff father will be required to provide all the costs of educating the minor children.

n. Any funds awarded to the Defendant mother from the equity in the former marital home would probably not be used in any manner to benefit the minor children, based upon the Defendant's past history of alcoholism and lack of responsibility.

On the basis of these findings the court entered the following pertinent conclusions of law:

3. The following is all of the marital property that is to be divided between the Plaintiff and Defendant: a house and lot located at 116 Washington Place, Rocky Mount, Edgecombe County, North Carolina.

4. Based on the circumstances of the instant case, an equal division of the marital property would not be equitable.

5. Based on the circumstances of this case, the Plaintiff father should receive sole ownership of the former marital home.

It thereupon granted the following award:

2. The Plaintiff is hereby awarded sole ownership of the former marital home of the parties located at 116 Washington Place [,] Rocky Mount, Edgecombe County, North Carolina[.] [T]he Defendant shall execute a deed conveying all of her right, title and interest in said property to the Plaintiff.

3. The Plaintiff shall be solely responsible for payment of the outstanding indebtedness on said property.

Findings 14(a) through (d) clearly are fault-based. Consideration of those findings in determining the distribution of marital property thus is improper. We note, however, that some of those findings relate to defendant-wife's alcoholism. While the order here improperly relies on defendant-wife's alcoholic condition to impute fault, the condition may be a relevant consideration for other purposes, since "the physical and mental health" of the parties is an appropriate factor in determining an equitable distribution of the marital property. G.S. 50-20(c)(3).

Findings 14(e), (m) and (n) involve defendant-wife's present and prospective failure to contribute toward the support and education of the minor children born and adopted to the marriage. G.S. 50-20(f) directs that "[t]he court shall provide for an equitable distribution without regard to . . . support of the children of both parties." Consideration of these findings in determining the distribution of the marital property thus is also improper.

Finding 14(k) appears to refer to G.S. 50-20(c)(6), a statutory factor related to the equitable claim of a partner in marital property in which the other partner has sole title. The factor does not relate to an equitable distribution of marital property held by the partners as tenants by the entirety. Consideration of that factor is thus irrelevant and therefore improper.

Finding 14(l) in part refers to defendant-wife's failure to contribute "emotionally" to the marriage. While the Court can envision a situation in which emotional support would be a relevant consideration, in the context of this case that portion of finding 14(l) which refers to a failure to contribute emotionally appears fault-based and thus improper.

[2]   Two of the court's findings, however, are clearly appropriate for consideration under the applicable statute. G.S. 50-20(c)(4) directs the court to consider "[t]he need of a parent with custody of a child or children of the marriage to occupy or own the marital residence . . . ." In finding 14(f) the court, pursuant to this provision, found such a need. G.S. 50-20(c)(7) directs the court also to consider "[a]ny direct or indirect contribution made by one spouse to help educate or develop the career potential of the other . . . ." In finding 14(i) the court, pursuant to this provision, found that plaintiff-husband had provided for defendant-wife to obtain a Master of Library Science degree, thus advancing her career.

[3]   The order thus contains findings which the court properly could consider and findings which it could not. As in *Hinton*, "it is not entirely clear what evidence the court felt was determinative in reaching its conclusion that an equal division was not equitable." *Hinton*, 70 N.C. App. at 671, 321 S.E. 2d at 165. The situation thus presented resembles that in cases under the Fair Sentencing Act in which the trial court makes both appropriate and inappropriate findings in aggravation or mitigation of a presumptive criminal sentence; because the reviewing court cannot determine whether the erroneous findings affected the sentence, those findings require remand for a new sentencing hearing. *See State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983). Similarly, the erroneous findings here require remand for a new equitable distribution award based solely on appropriate findings not grounded in marital fault or statutorily impermissible considerations.

Smith v. Smith

As stated in *Hinton*:

> [O]n remand the court may possibly again conclude that an equal distribution is not equitable and order the same or similar distribution as originally ordered; but if [it] does so, it must support its conclusion and distribution with adequate findings based on proper evidence and statutory factors and not on evidence of the fault of the parties.

*Hinton*, 70 N.C. App. at 672, 321 S.E. 2d at 165. While the court could again award the marital home to plaintiff-husband based solely on the conclusion, pursuant to G.S. 50-20(c)(4), that as the custodial parent he has a need to occupy or own it, that conclusion must be supported by evidentiary-based findings which justify it. It must also be reached in light of the presumption of equal division which the statute raises. *Alexander*, 68 N.C. App. at 552, 315 S.E. 2d at 775. The court "should state in its order the basis and reasons for its division." *Id.*

Finally, the order should contain detailed findings regarding defendant-wife's contributions to the marriage — *e.g.*, whether and for how long she contributed her $11,000 annual salary to the marriage and whether and to what extent her role as homemaker and child care provider during plaintiff-husband's overseas absences contributed to his career development.

Because (1) some of the findings are fault-based and therefore improper for consideration in determining the distribution of the marital property, *Hinton*, 70 N.C. App. 665, 321 S.E. 2d 161, and (2) others involve matters which the applicable statute expressly excludes from consideration, the order is vacated. The cause is remanded for further proceedings, if necessary, and for entry of a new order based solely on findings which the court properly may consider.

Vacated and remanded.

Chief Judge VAUGHN and Judge JOHNSON concur.