G. REID DUSENBERRY, III v. SUE BROWN DUSENBERRY (NOW FOWLER)

No. 8415DC636

(Filed 19 February 1985)

**Divorce and Alimony § 30— equitable distribution—fault-based findings inappropriate**

 Findings in an equitable distribution action regarding an adulterous affair by the wife were irrelevant and inappropriate to the award of marital property. G.S. 50-20, 21.

APPEAL by defendant from *Allen, Judge.* Order entered 19 April 1984 in District Court, ALAMANCE County. Heard in the Court of Appeals 8 February 1985.

*Holt, Spencer & Longest, by James C. Spencer, Jr., and Hunter, Wharton & Howell, by John V. Hunter, III, for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith, P.A., by Carole S. Gailor, for defendant appellant.*

WHICHARD, Judge.

This is an equitable distribution action pursuant to G.S. 50-20, 21, in which the court concluded as a matter of law that an equal division of the marital property was not equitable. It did so based in part upon findings that defendant-wife "began having an adulterous affair . . . and began neglecting the plaintiff and their three minor children" and that this conduct "was a major reason for the break-up of this marriage . . . and . . . was the only serious and significant mistreatment of either party by the other party during the course of this marriage." It concluded that con-

sideration of "the relative fault of the parties leading to the disintegration of their marriage . . . [was] just and proper."

Subsequent to entry of this order, this Court held that fault is not a relevant or appropriate consideration in determining an equitable distribution of marital property. *Hinton v. Hinton,* 70 N.C. App. 665, 321 S.E. 2d 161 (1984); *see also Wade v. Wade,* 72 N.C. App. 372, 325 S.E. 2d 260 (1985); *Smith v. Smith,* 71 N.C. App. 242, 322 S.E. 2d 393 (1984). The award here is clearly grounded upon fault-based findings regarding an adulterous affair on the part of defendant-wife. Because the court considered this irrelevant and inappropriate matter in awarding the marital property, the order must be vacated and the cause remanded for a new order based solely upon relevant and appropriate findings.

Vacated and remanded.

Judges WELLS and BECTON concur.