GAIL CABLE (BARHAM) v. JAMES MICHAEL CABLE

No. 8414DC1052

(Filed 16 July 1985)

**Divorce and Alimony § 30— equitable distribution—lot owned separately—house built with marital funds—equity marital property**

The trial court erred in an action for divorce and equitable distribution by concluding that plaintiff had no interest in defendant's equity in the marital home and lot where defendant had purchased the lot free of encumbrances while single and the parties had built as much of their house as they could, subcontracting out the rest, and made payments on the construction loan during their marriage. G.S. 50-20(c)(8) is a distribution factor which is not applicable at the classification stage.

APPEAL by plaintiff from *LaBarre, Judge*. Judgment entered 17 May 1984 in District Court, DURHAM County. Heard in the Court of Appeals 9 May 1985.

This is a civil action wherein plaintiff sought an absolute divorce and an equitable distribution of the marital property. The following facts are undisputed. On 1 July 1974, the defendant acquired, while single and in his name only, a 2.3 acre tract of land. Defendant acquired this lot free of any encumbrances. On 14 March 1975, the defendant in his name alone entered into a loan transaction for $27,000.00 for the sole purpose of financing the construction of a home on this lot. On 18 May 1975, the parties were married. As of the date of the marriage, the loan amount was available for use by the builder, but no amount had been withdrawn. Prior to the marriage date, the lot had been graded and landscaped, and a well and a foundation for the house had been installed. The parties built as much of the house as they could, and subcontracted out what they could not do. Their home was completed on this lot in December 1975.

Both parties worked full-time during the course of the marriage, and their earnings were combined to pay the family's ex-

penses, including approximately 75 payments of $227.00 toward the repayment of this loan. The parties separated on 21 May 1981, owing a $25,300.00 balance on the construction loan.

The parties were divorced, and they stipulated as to the distribution of all property, except the lot and house involved herein, and an adjoining lot, which was purchased by the parties as tenants by the entirety on 16 January 1981. (This lot is not a subject of dispute on this appeal.) After making findings of fact, the court entered the following pertinent conclusions of law:

1. The Court concludes that an equal division of the marital property would be inequitable.

2. That the 2.3 acre tract of land on which the house was located was prior to and at the time of the marriage the separate property of the defendant.

3. That the proceeds from the construction loan . . . are a separate property of the defendant which was acquired in exchange of the defendant's separate property, and is therefore, the defendant's separate property, and the defendant's separate obligation.

4. That the plaintiff is not entitled to any of the defendant's equity in the 2.3 acre tract of land or the improvements located thereon.

5. That the vacant lot acquired by the parties on January 16, 1981 . . . is a marital asset, and said asset is equitably divided by having the title to said property transferred to the defendant upon the defendant's payment to the plaintiff of the sum of Four Thousand Dollars ($4,000.00), and the defendant assuming all outstanding indebtedness owed on said tract of land. . . .

The court thereafter ordered that "[t]he plaintiff shall have as his sole and separate property the 2.3 acre tract of land referred to above with all improvements thereon." Plaintiff appealed.

*Maxwell, Freeman, Beason & Morano, P.A., by Robert A. Beason and Mark R. Morano for plaintiff-appellant.*

*Clayton, Myrick & McClanahan by Robert D. McClanahan for defendant-appellee.*

PARKER, Judge.

In her sole assignment of error on appeal, plaintiff contends the trial court erred in deciding that the parties' homeplace was not marital property. Plaintiff does not contend that the 2.3 acre lot itself is not defendant's separate property. Rather, she contends that because she made substantial contributions to the improvement of defendant's separate property, that the improvement (the house itself) is marital property. Defendant counters this argument by asserting that under the language of G.S. 50-20(c)(8), the trial judge can consider any improvements made by the plaintiff upon defendant's separate property, and can award her a greater share of other marital assets because of these improvements, but that plaintiff's improvements on the lot do not change the status of this property or any improvements made thereon as the separate property of defendant. Defendant argues that a declaration that improvements made to separate property during the course of the marriage become marital property would render G.S. 50-20(c)(8) meaningless. We reject defendant's contention in this regard, and accordingly vacate the judgment from which this appeal was taken.

This Court, in *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260, *disc. rev. denied*, 313 N.C. 612 (1985), addressed a similar issue. In *Wade*, the plaintiff husband owned land which was titled solely in his name prior to the marriage. A house was constructed on this land during the marriage with marital funds. The husband asserted that since the unimproved real property was acquired by him prior to the marriage, it would be considered separate in character. Therefore, any improvements to his land, such as the house, merely constituted an increase in the value of the property and must also be considered separate as mandated by G.S. 50-20(b)(2) which provides "[t]he increase in value of separate property . . . shall be considered separate property."

In rejecting this argument, this Court noted the remedial nature of G.S. 50-20 and held that this provision referred only to "passive" appreciation, such as inflation, and not to "active" appreciation resulting from contributions, monetary or otherwise, by one or both of the spouses. After noting that the house and land are one asset, the Court held that "the real property concerned herein must be characterized as part separate and part

Cable v. Cable

marital," with the land being considered separate property, and the house, which was constructed during the marriage with marital funds, being considered marital property. *Id.* at 381-382, 325 S.E. 2d at 269.

Therefore, based on *Wade, supra,* and the decision of this Court in *Turner v. Turner,* 64 N.C. App. 342, 307 S.E. 2d 407 (1983), which held that equity which accrued during a marriage in a house purchased by the husband prior to the marriage could be marital property, we hold the trial court erred as a matter of law in concluding that plaintiff had no interest in defendant's equity in the house and lot.

In applying the Equitable Distribution Statute, the trial judge must follow a three step procedure, *i.e.,* (i) classification, (ii) evaluation and (iii) distribution. By treating the house and lot as separate property solely because the house built with marital funds was built on land acquired by defendant prior to the marriage, the court erred in classifying the property. Classification must be according to the statutory definitions of separate property and marital property. General Statute 50-20(c)(8) relied on by defendant is a distribution factor. Distribution factors are not applicable at the classification stage. Before the distribution factor argued by defendant can be considered, the property must be properly classified and its net value properly determined. *Turner, supra.*

Accordingly, the judgment is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges ARNOLD and MARTIN concur.