KAREN McHATTON LEWIS v. MARK LEMUEL LEWIS

No. 895DC985

(Filed 3 April 1990)

**Divorce and Alimony § 30 (NCI3d) — equitable distribution — home — not marital property**

The trial court erred in an equitable distribution action by classifying the parties' home as marital property where defendant built a shrimp boat prior to his marriage, the shrimp boat was subsequently sold, and the parties financed the construction of the house with monies received from the sale of the boat. There is no requirement that the spouse who owns separate property declare his or her intention that the property remain separate or that the property for which

LEWIS v. LEWIS

[98 N.C. App. 138 (1990)]

separate property is exchanged be separate; absent a finding that title to the home was taken by the entireties or that defendant in some other manner made a gift to plaintiff, the judge could not conclude that the house was subject to equitable distribution.

**Am Jur 2d, Divorce and Separation §§ 887, 903.**

APPEAL by defendant from order entered 6 June 1989 in PENDER County District Court by *Judge Elton Tucker.* Heard in the Court of Appeals 14 March 1990.

*Shipman and Lea, by James W. Lea, III, for plaintiff-appellee.*

*Johnson and Lambeth, by Carter T. Lambeth and Maynard M. Brown, for defendant-appellant.*

DUNCAN, Judge.

In this equitable-distribution action, defendant challenges the classification of the parties' home as marital property. The judge ordered that plaintiff and defendant take an equal interest in the home, with defendant enjoying the use and benefit thereof and plaintiff receiving $21,000.00 for her share of the property. For the reasons that follow, we hold that the house is the separate property of defendant, and we reverse the order of the trial judge.

I

Plaintiff, Karen McHatton Lewis, and defendant, Mark Lemuel Lewis, married in April 1985. At the time of the parties' marriage, Mr. Lewis owned a shrimp boat, the "Captain Jack." Mr. Lewis had built the Captain Jack himself, with the construction being essentially complete prior to his marriage to Ms. Lewis. In August 1985, the Captain Jack was sold for $120,000.00. Of the sale proceeds, Mr. Lewis received between $60,000.00 and $90,000.00.

Also in August 1985, the Lewises began building a house on land owned by Mr. Lewis' father. The parties financed the construction with the monies received from the sale of the Captain Jack, and they expended approximately $42,000.00 of those funds. The home was completed in September 1986.

II

A

Mr. Lewis argues that the marital home, construction of which was financed with the proceeds from the sale of the boat, was his separate property and not, as the judge ruled, property belonging to the marriage. In his equitable-distribution order, the judge made the following pertinent findings of fact:

9. That during the course of the parties' marriage [Mr. Lewis] was employed in the boat building and commercial fishing business.

10. That the parties' 1985 tax return revealed income from commercial fishing in the amount of $695.00 net, and interest income of $2,079.00. That the balance of [Mr. Lewis'] income was that received from the sale of the aforementioned boat. That the parties' 1986 and 1987 tax returns revealed virtually no income from the commercial fishing business and revealed that any income the Defendant earned was from the boat building business.

11. That [Ms. Lewis] was not employed outside the home during the course of the marriage . . . .

12. That [Ms. Lewis] contends that the monies derived from the sale of the aforementioned boat were monies earned in the ordinary course of business in that [Mr. Lewis'] primary occupation was the business of building and selling boats and that his engagement in commercial fishing only realized a small amount of income.

13. That no evidence has been offered by either party to show at the time the house was built that there was an intention that the house was to be the separate property of [Mr. Lewis].

Among his conclusions of law, the judge ruled that

2. . . . whether or not the income from the sale of the boat was separate or marital property is immaterial as there was no evidence showing that there was an intention that the money put into the marital home was to remain separate and that the home was to remain separate property and owned exclusively by [Mr. Lewis].

LEWIS v. LEWIS

[98 N.C. App. 138 (1990)]

B

In an action for equitable distribution, the judge must first classify property as either marital or separate. *E.g., McLeod v. McLeod,* 74 N.C. App. 144, 147, 327 S.E.2d 910, 912, *cert. denied,* 314 N.C. 331, 333 S.E.2d 488 (1985). Marital property is "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property . . . . " N.C. Gen. Stat. Sec. 50-20(b)(1) (1987). Separate property is "all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C. Gen. Stat. Sec. 50-20(b)(2) (1987). Separate property remains the property of the spouse who owns it, and it is not subject to equitable distribution. *See* N.C. Gen. Stat. Sec. 50-20(c) (1987); *Loeb v. Loeb,* 72 N.C. App. 205, 209, 324 S.E.2d 33, 37, *cert. denied,* 313 N.C. 508, 329 S.E.2d 393 (1985); *McLeod,* 74 N.C. App. at 147, 327 S.E.2d at 913.

"[W]hen both the marital and separate estates contribute assets towards the acquisition of property, each estate is entitled to an interest in the property in the ratio its contribution bears to the total investment in the property." *Wade v. Wade,* 72 N.C. App. 372, 382, 325 S.E.2d 260, 269, *disc. rev. denied,* 313 N.C. 612, 330 S.E.2d 616 (1985) (citation omitted). This "source of funds" theory, *see id.,* recognizes that because property is acquired over time, it "may have a dual nature and must therefore be designated according to whether the funds used for acquisition were marital or separate." *Tiryakian v. Tiryakian,* 91 N.C. App. 128, 135, 370 S.E.2d 852, 856 (1988) (citations and internal punctuation omitted).

Applying a source-of-funds analysis to this case, we hold that the house should be deemed to be the separate property of Mr. Lewis. The facts, as found by the trial judge, are that the Captain Jack was built by Mr. Lewis prior to his marriage to Ms. Lewis. In the absence of any evidence in the record showing that Mr. Lewis conveyed the boat as a gift to Ms. Lewis, this asset remained his separate property after marriage. The proceeds from the subsequent sale of the boat likewise belonged to him, as the source of those funds—the boat—was his. When, finally, the monies were used to construct the house, the house became the separate property of Mr. Lewis. *See McLean v. McLean,* 88 N.C. App. 285, 290,

363 S.E.2d 95, 99 (1987), *aff'd*, 323 N.C. 543, 374 S.E.2d 376 (1988) (separate property retains separate character when exchanged for other separate property).

The trial judge concluded that the character of the house as separate or marital property was "immaterial" to the question of its distribution. The judge's conclusion stemmed from the lack of evidence showing an intention that "the money put into the marital home was to remain separate and that the home was to remain [the] separate property [of Mr. Lewis]." There is, however, no requirement that the spouse who owns separate property declare his or her intention that the property remain separate, or that the property for which separate property is exchanged be separate. In *Johnson v. Johnson*, for example, our Supreme Court rejected any presumption that all property acquired during the course of marriage is marital. 317 N.C. 437, 454-55 n.4, 346 S.E.2d 430, 440 n.4 (1986).

When a spouse who furnishes consideration from his or her separate property causes property to be conveyed to the other spouse as a tenant by the entirety, there is, at that point, a presumption of a gift of the separate property to the marital estate. *McLeod*, 74 N.C. App. at 154, 327 S.E.2d at 916-17; *accord McLean*, 323 N.C. at 555, 374 S.E.2d at 383. The record in this case, however, is devoid of evidence as to how the Lewis home is titled, and the judge's findings of fact do not address this issue. Absent a finding that title to the home was taken by the entireties, or that Mr. Lewis in some other manner made a gift of the house to Ms. Lewis, the judge could not conclude that the house was subject to equitable distribution. We disagree with the judge that the character of the home as separate or marital property was "immaterial"; proper classification of the nature of the real and personal property held by the parties is the necessary first step in the three-step equitable-distribution procedure. *See Johnson*, 317 N.C. at 444, 346 S.E.2d at 434 (1986). Because, under the source-of-funds analysis, the house was the separate property of Mr. Lewis, the judge erred in concluding that Ms. Lewis was entitled to an equal share of that property.

## III

For the foregoing reasons, the order of the trial judge is

Reversed.

Judges ARNOLD and LEWIS concur.