An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-433

Filed 15 April 2026

Pitt County, No. 20CVD002234-730

KYLE FRANKLIN BLACKMON, Plaintiff,

v.

NANCY ANDERSON BLACKMON, Defendant.

Appeal by defendant from order entered 7 August 2024 by Judge Wendy S. Hazelton in Pitt County District Court. Heard in the Court of Appeals 25 February 2026.

*Jonathan McGirt for plaintiff-appellee.*

*Law Office of W. Gregory Duke by W. Gregory Duke, for defendant-appellant.*

DILLON, Chief Judge.

This appeal is the second in this domestic case and concerns the classifying, valuing, and distributing of an Individual Retirement Account (the "IRA") Plaintiff Kyle Franklin Blackmon ("Husband") opened prior to the marriage but to which he added money during the marriage on three occasions. In the first appeal, we concluded the trial court erred by failing to classify some portion of the IRA as marital

property. *Blackmon v. Blackmon*, No. COA23-538, 2024 WL 2013593, at *4 (N.C. Ct. App. May 7, 2024) (unpublished) (hereinafter "*Blackmon I*"). We, therefore, vacated the order and remanded with instructions for the trial court "to determine the portion of the IRA to be marital and to enter a new equitable distribution order[.]" *Id.* at *4.

On remand, the trial court classified a portion of the IRA as marital and the remainder as Husband's separate property. Defendant Nancy Anderson Blackmon ("Wife") brings this second appeal of the new order.

## I.    Background

A portion of the IRA funds were part of a 401(k) account which Husband earned prior to the marriage, while he was employed at a bank from 1995 until 2001.

Around March 2002, Husband rolled the 401(k) account into an IRA with John Hancock Life Insurance Company when the account had a value of $63,675.98.

In May 2003, Husband and Wife married.

There were only three only contributions to the IRA made during the marriage by Husband totaling $9,000.00, made from 2006 to 2008.

As of the date of the parties' separation in 2021, the IRA resides with Southern Investment Services, still in Husband's name only, with a balance of $209,384.79.

In 2022, the trial court entered its equitable distribution order. In the 2022 order, the trial court determined the IRA to be a mixed asset but did not distribute any portion of it to Wife as it could not determine what portion of the date of separation balance was from the $9,000.00 made during the marriage. In *Blackmon*

*I*, we held the trial court erred by failing to classify a portion of the IRA as marital, concluding there was enough evidence in the record from which the trial court could make this determination:

> We have reviewed the record and conclude there was sufficient evidence from which the trial court could determine which portion of the IRA was marital. Indeed, the evidence is quite extensive, including 95 pages of IRA statements from over the years. We, therefore, vacate the portion of the order regarding the IRA and remand with instructions to determine which amount was separate, including any appreciation of the balance as of the date of marriage which grew, due to passive appreciation, and which amount of the IRA is marital, including the amount contributed by Husband during marriage and any appreciation of those contributions.

*Id.* at *3.

On remand, the trial court found the $9,000.00 in contributions made to the IRA during marriage and the appreciation of the $9,000.00 up to the date of separation was marital, and that the remainder of the IRA balance was separate. Wife appeals.

## II.    Analysis

On appeal, Wife essentially makes two arguments, which we address in turn.

### A.  Valuation of the Contributions During Marriage

Wife argues the trial court erred in its valuation as of the date of separation of the three contributions made between 2006 and 2008 to the IRA. Specifically, Husband contributed $3,000.00 to the IRA in 2006, $2,000.00 to the IRA in 2007, and

$4,000.00 to the IRA in 2008. The parties concede these contributions, including any appreciation of those contributions, are marital.

Indeed, this Court has adopted a "source of funds" approach where assets "purchased with or comprised of" separate and marital funds are considered "mixed property for equitable distribution purposes." *Carpenter v. Carpenter*, 245 N.C. App. 1, 11 (2016). Mixing separate and marital property does not automatically convert the previously separate property into marital property. *See Wade v. Wade*, 72 N.C. App. 372, 381 (1985) (rejecting the common law principle of transmutation); *see also O'Brien v. O'Brien*, 131 N.C. App. 411, 419 (1998).

The trial court determined how much the $3,000.00 contribution made in 2006 appreciated up to the date of separation as follows: the trial court calculated how much the entire IRA had appreciated from the end of 2006 through the date of separation, determining it grew 1.89x and then determined the $3,000.00 grew by the same ratio. (The trial court divided $200,384.79 by the IRA value as of the end of 2006, or $105,922.41, to arrive at 1.89; that is, the IRA grew by a factor of 1.89 between the end of 2006 to the date of separation.) The trial court made similar calculations for the 2007 and 2008 contributions. Ultimately, the trial court found the $9,000.00 in total contributions made to the IRA during marriage had grown to $17,556.55 as of the date of separation and classified this amount as marital.

Wife notes, however, the trial court incorrectly used $200,384.79 in the numerator as the date of separation value rather than the $209,384.79 value that

had been stipulated to. Apparently, the trial court reduced the date of separation value by $9,000.00 (the amount contributed to the IRA during the marriage). This was error; as the denominator in the ratio (the year-end values in 2006, 2007, and 2008) includes the marital contributions. However, Wife has failed to show how she was prejudiced by this error.[1] *See Power v. Power*, 236 N.C. App. 581, 585–86 (2014) (concluding the defendant-husband failed to show the trial court's error to admit the Kelly Blue Book values of marital cars "substantially prejudiced" him). Accordingly, we leave this portion of the order undisturbed.

## B. Appreciation during the Marriage of the IRA

Wife argues that the trial court erred by not classifying the appreciation of the

---

[1] For instance, a proper way to determine the appreciation, as shown below, results in a value of the contributions made during the marriage, as of the date of separation, to be $17,850.99, only a few hundred dollars more than the amount found by the trial court.

The trial court found the 2008 year-end value to be $93,006.81. The IRA grew by a factor of $209,384.79/$93,006.81 or by 2.25x. Therefore, the $4,000.00 contribution made in 2008 (which was included in the 2008 year-end IRA value) grew to $9,005.14 by the date of separation, which would be marital.

The trial court found the 2007 year-end value to be $122,820.00. To determine how much this portion appreciated up to the date of separation, the 2008 contribution and any appreciation therefrom (totaling $9,005.14) need to be deducted from the IRA's date of separation value. Therefore, the 2007 year-end value grew by a factor of ($209,384.79 MINUS $9,005.14 attributable to the 2008 contribution)/$122,820.00, or by 1.63x. Therefore, the $2,000.00 contribution made in 2007 appreciated by 1.63x to $3,262.98 by the date of separation, which would be marital.

The same calculation must be performed to determine how much the 2006 contribution appreciated up to the date of separation. The trial court found the year-end value of the IRA at the end of 2006 to be $105,922.31. Again, to determine the amount of appreciation of the 2006 balance, the 2007 and 2008 contributions and any appreciation attributable to these contributions must be deducted from the date of separation value. The 2006 year-end monies grew by a factor of ($209,384.79 MINUS $9,005.14 MINUS $3,262.98)/$105,922.31, or by 1.86x. Therefore, the $3,000.00 contribution made in 2006 grew to $5,582.87 by the date of separation, which would be marital.

Accordingly, the three contributions made during the marriage appreciated to $9,005.14 + $3,262.98 + $5,582.87 = $17,850.99 as of the date of separation.

IRA which occurred during marriage as marital. That is, the IRA Husband brought into the marriage grew to $191,828.24 (not including the three contributions made during the marriage and the appreciation therefrom). Wife argues this growth should be classified as marital, contending Husband failed to meet his burden of showing the appreciation was passive. We disagree, as it was Wife's burden to present evidence from which the trial court could identify and value the appreciation which occurred during marriage *before* it became Husband's burden to show the appreciation should be classified as separate.

Marital property is "all real and personal property acquired by [a spouse] *during* the course of the marriage[.]" N.C.G.S. § 50-20(b)(1b) (emphasis added). Separate property is "acquired by a spouse *before* marriage[.]" *Id.* § 50-20(b)(2) (emphasis added).

Husband acquired the IRA prior to marriage. Therefore, the value of the IRA as of the date of marriage is his separate property. However, we have distinguished between active and passive appreciation of separate property which occurs *during* the marriage. *See O'Brien*, 131 N.C. App. at 419–20. Section 50-20(b) provides the "increase in value of separate property and the income derived from separate property is considered separate property." However, we have held only the passive appreciation on separate property remains separate, while any active appreciation is marital, *McLeod v. McLeod*, 74 N.C. App. 144, 148 (1985), as any active appreciation is the result of "funds, talent, or labor" of the marriage, *id.* at 151.

Where appreciation occurs during marriage of separate property brought into the marriage, there is a presumption the appreciation occurring during the marriage is marital in nature. However, this presumption can be overcome with evidence showing that the appreciation was passive. *McLeod*, 74 N.C. App. at 148; *Wade*, 72 N.C. App. at 379; *O'Brien*, 131 N.C. App. at 421. Here, there was evidence offered through Husband's testimony indicating the appreciation of his IRA was passive. That is, he testified he was not active in managing how his IRA was invested during the marriage:

> Q. Okay. What did you do with the account? Tell me what kind of activity you had with the account over the years?
>
> A. Basically, opening statements, reviewed them and then just filed.

We note the trial court did not make any express finding as to whether the appreciation was active or passive. However, Wife does not argue on appeal the appreciation was active or that the trial court erred by making a finding as to whether the appreciation was active, nor does she point to any evidence offered to show the appreciation was active. Accordingly, for purposes of considering Wife's argument on appeal, we presume the appreciation was passive. *See* N.C. R. App. P. 28(b)(6).

Wife merely argues Husband failed to meet his burden of establishing the IRA appreciation, which occurred during marriage, as separate by failing to offer evidence regarding the value of the IRA as of the date of marriage. That is, Wife contends,

Husband needed to establish the date of marriage value to carve out the appreciation portion as his separate property. We conclude, as explained below, the trial court did not commit reversible error in this regard.

It is Wife, and not Husband, who bears the initial burden of presenting evidence so the trial court could *identify* and *value* the property (i.e., the amount of the appreciation) she desires to be treated as marital. *See Brackney v. Brackney*, 199 N.C. App. 375, 383 (2009) (citation omitted) ("In equitable distribution proceedings, the party claiming a certain classification has the burden of showing, by a preponderance of the evidence, that the property is within the claimed classification."). This would include evidence concerning the value of the IRA as of the date of marriage so the amount of appreciation which occurred during marriage could be determined. Only after Wife has met this burden and the appreciation is presumed marital does the burden shift to Husband to show the appreciation was passive and, therefore, should be *classified* as his separate property. *See O'Brien*, 131 N.C. App. at 421 (holding defendant-wife established by a preponderance of the evidence appreciation on an investment account was passive under a factor test).

It would have been better for the trial court to make findings *either* determining the value of the IRA as of the date of marriage based on statements before it *or* determining the statements offered were not sufficient from which the

trial court could find a value.[2]  And if the trial court had determined a "date of marriage" value for the IRA, the trial court should have then *either* found Husband had met his burden to overcome the presumption that any appreciation was passive (and, therefore, classify the appreciation as separate) *or* found the presumption had not been overcome (and, therefore, classify the appreciation as marital).  But Wife does not argue there was sufficient evidence from which the trial court could have determined the IRA's value as of the date of marriage, a finding necessary for Wife to meet her initial burden.  *See Brackney*, 199 N.C. App. at 383.  Therefore, Wife has failed to show how the trial court erred by failing to classify the appreciation as marital.

AFFIRMED.

Judges ARROWOOD and STADING concur.

Report per Rule 30(e).

---

[2] Though the IRA statement for the month as of the date of marriage was not offered into evidence, there were IRA statements from within a year of the date of marriage which were offered into evidence.  It could be argued that these statements are *some* evidence of the value as of the date of marriage which the trial court could value.  *Robinson v. Robinson*, 210 N.C. App. 319, 323 (2011) (stating in an equitable distribution proceeding the trial court must value property).  However, Wife made no argument in this regard.  N.C. R. App. P. 28(b)(6).