GLADYS VINES CAUDILL, Plaintiff v. EVERETT CYRIL CAUDILL, Defendant

No. COA98-377

(Filed 29 December 1998)

**Divorce— equitable distribution—marital property—gift from parent—burden of proof**

An equitable distribution order was vacated and remanded as it pertained to the classification of a tract of land which had been transferred to defendant by his mother where the trial court found that defendant was unable to establish by preponderance of the evidence that he acquired the property by gift. When property is acquired during marriage by one spouse from his or her parent, a rebuttable presumption arises that the transfer is a gift

to that spouse; that presumption must be rebutted by the spouse resisting the separate property classification by showing a lack of donative intent.

Appeal by defendant from judgment entered 30 January 1998 by Judge Samuel A. Cathey in Iredell County District Court. Heard in the Court of Appeals 18 November 1998.

*Pressly, Thomas & Conley, P.A., by Jessie Conley, for plaintiff.*

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley, for defendant.*

HUNTER, Judge.

Plaintiff and defendant were married on 23 December 1961 and separated on 24 October 1992. Plaintiff filed a complaint on 1 November 1993 seeking an absolute divorce and equitable distribution of the marital property. Defendant filed an answer and a counterclaim, also requesting equitable distribution. A judgment of absolute divorce was entered 31 January 1994 and the original equitable distribution order entered 1 May 1996. Defendant appealed that order, assigning error to the trial court's classification of the 1956 Dodge automobile and a forty-six acre tract of land, with improvements. This Court remanded the case to the trial court for additional findings of fact to support classification of the property. An amended equitable distribution order was entered 30 January 1998, and from that order defendant appeals.

We begin our consideration of defendant's assignment of error with a general review of the law of equitable distribution. In an action for equitable distribution the court must classify property as either "marital property" or "separate property," as these terms are defined in N.C. Gen. Stat. § 50-20(b)(1) and § 50-20(b)(2), before dividing the property pursuant to § 50-20(c). *McLeod v. McLeod,* 74 N.C. App. 144, 147, 327 S.E.2d 910, 912-913, *cert. denied,* 314 N.C. 331, 333 S.E.2d 488 (1985). Separate property is not subject to equitable distribution. *Id.*

" 'Marital property' means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property . . . ." N.C. Gen. Stat. § 50-20(b)(1); *McLeod,* 74 N.C. App. at 147, 327 S.E.2d at 913. " 'Separate property' means all real and personal property

acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C. Gen. Stat. § 50-20(b)(2); *McLeod*, 74 N.C. App. at 147, 327 S.E.2d at 913. " 'Property acquired in exchange for separate property' is separate property, as is income derived from separate property and increases in value of separate property." *McLeod*, 74 N.C. App. at 147-148, 327 S.E.2d at 913.

The sole question on appeal in this case is whether the trial court erred by classifying the forty-six acre tract of land as entirely marital property. The trial court made the following findings of fact with respect to the tract of land and the improvements made to it during the course of the marriage:

The Court finds that the 46 acre tract had belonged to Defendant's family for several generations. The Court finds that the Defendant's mother conveyed the property to the Defendant and his first wife in 1948, that they separated in 1949, and that they conveyed the property back to the Defendant's mother in 1953. The Court finds that in 1967, the Defendant's mother conveyed the property to Defendant, reserving a life estate. That the Court finds that in 1978, the Defendant's mother conveyed her life interest to the Defendant. The Court finds that both conveyances were made during Defendant's marriage and neither deed named Plaintiff as a grantee. That the Court finds the Defendant did not pay his mother any money in exchange for the property and there were no revenue stamps on the Deeds. The Court further finds that the Defendant agree[d] to provide care for his mother in return for the property and the Plaintiff had in fact, quit her job to provide care for defendant's mother when she became ill.

The Court finds that there was a dwelling on the property when Defendant's mother conveyed it to him and that significant and extensive improvements were made to [the] property after Defendant acquired title. The parties executed deeds of trust conveying the property as security for four loans between 1967 and 1992, using at least some of the loan proceeds to construct additional improvements upon the property.

The Court finds that the Plaintiff satisfied her initial burden of establishing that the 46 acre tract was marital property, as defined by N.C.G.S. §50-20(b)(1). The Court finds that the Defendant was unable to establish by a preponderance of the evidence that he acquired the property by gift. That the Court finds

CAUDILL v. CAUDILL

[131 N.C. App. 854 (1998)]

that the transfer of land was an exchange supported by consideration and is therefore marital property.

The Court is not persuaded by Defendant's evidence regarding the classification of this item and finds that the 46 acre tract previously described above is marital property and had a value of $194,297.00 on the date of separation.

The amended distribution order, as ordered by this Court on remand, expands on the finding of fact with regard to whether the transfer of land was supported by consideration. However, in the amended order the trial court misplaces the burden of proof on the defendant. The burden of proof is upon the party claiming that property is marital property to show by a preponderance of the evidence that the property: (1) was acquired by either spouse or both spouses; (2) during the marriage; (3) before the date of the separation of the parties; and (4) is presently owned. N.C. Gen. Stat. § 50-20(b)(1); *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991). The claim that property is marital can be challenged by the other party, who claims the property is separate, by showing, by a preponderance of the evidence, that the property was: (1) acquired by that spouse by bequest, devise, descent, or gift from a third party during the course of the marriage; or (2) acquired by gift from the other spouse during the course of the marriage and the intent that it be separate property is stated in the conveyance; or (3) was acquired in exchange for separate property and no contrary intention that it be marital property is stated in the conveyance. N.C. Gen. Stat. § 50-20(b)(2); *Atkins*, 102 N.C. App. at 206, 401 S.E.2d at 788. However, when property is acquired during marriage by one spouse from his or her parent(s), a rebuttable presumption arises that the transfer is a gift to that spouse. *Burnett v. Burnett*, 122 N.C. App. 712, 714, 471 S.E.2d 649, 651 (1996) (citations omitted). In such a case, the presumption must be rebutted by the spouse resisting the separate property classification by showing a lack of donative intent. *Id.*

In the case at hand, plaintiff had the burden to rebut the presumption that the land was a gift to her spouse from his mother, and was therefore separate property. The trial court's finding that the "the Defendant was unable to establish by a preponderance of the evidence that he acquired the property by gift" supports our conclusion that the burden was misplaced. The case is remanded, with the burden of proof on the plaintiff to prove by the preponderance of the evidence a lack of donative intent.

CAUDILL v. CAUDILL

[131 N.C. App. 854 (1998)]

We note that the classification of property must be supported by adequate findings of fact, which must, in turn, be supported by the evidence. *McIver v. McIver*, 92 N.C. App. 116, 127, 374 S.E.2d 144, 151 (1988). The purpose for the requirement that a trial court make specific findings of fact to support its legal conclusions is to enable an appellate court to determine, on review, whether the trial court has correctly applied the law in reaching its judgment. *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988). A failure by the trial court to make adequate findings or conclusions precludes appellate review. *Id.* In keeping with this requirement, on remand the trial court should state findings of fact with regard to whether consideration was given in return for the original transfer of property in 1967, in which a life estate was withheld, or if consideration was given for the transfer of the remaining life estate in 1978. Pertinent dates, which are not clear from the record before us, include the date of defendant mother's stroke, the date plaintiff left her employment to care for the mother, and the period of time care was actually given to the mother by the plaintiff. If the trial court finds that consideration was promised and given for the earlier of the transfers, the property is entirely marital. If, however, the trial court finds that consideration was only given for the transfer of the life estate, the value of the remainder interest transferred in 1967 is separate property. In that case, the marital property would consist of all marital improvements to the property, as well as the value of the life estate transferred in exchange for consideration in 1978.

The equitable distribution order is vacated only as it pertains to the trial court's classification of the forty-six acre tract of land, and to the extent that a proper classification of those properties affects the distributive award previously entered by the court. This case is remanded to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.

Judges MARTIN, John C., and MARTIN, Mark D., concur.