GOLDSTON v. GOLDSTON

[159 N.C. App. 180 (2003)]

———————————

DEBRA B. GOLDSTON, Plaintiff v. DAVID B. GOLDSTON, JR., Defendant

No. COA02-1245

(Filed 15 July 2003)

**1. Divorce— equitable distribution—classification—sale of house and lot**

The trial court erred in an equitable distribution action by classifying the proceeds of the sale of the pertinent house and lot as entirely marital property, because: (1) defendant acquired the house before the parties' marriage and it was his separate property; and (2) the act of physically transferring the location of the house onto the lot owned by the parties as tenants by the entireties, unaccompanied by any other evidence of donative intent by defendant, was insufficient to rebut the statutory mandate that separate property remain separate unless a contrary intention is expressly stated in the conveyance.

GOLDSTON v. GOLDSTON

[159 N.C. App. 180 (2003)]

**2. Divorce— equitable distribution—unequal division of marital assets**

The trial court did not abuse its discretion in an equitable distribution action by determining that an unequal division of the marital assets in favor of plaintiff wife was equitable based on: (1) substantial separate property owned by defendant husband; (2) post-separation use of the marital residence by defendant; (3) the income and liability of the parties; and (4) the duration of the marriage.

Appeal by defendant from judgment entered 12 March 2002 by Judge Jerry A. Jolly in Columbus County District Court. Heard in the Court of Appeals 4 June 2003.

*The McGougan Law Firm, by Paul J. Ekster and Dennis T. Worley, for plaintiff appellee.*

*Soles, Phipps, Ray and Prince, by Sherry Dew Prince, for defendant appellant.*

TIMMONS-GOODSON, Judge.

David B. Goldston, Jr. ("defendant") appeals from an order and judgment of equitable distribution by the trial court. For the reasons set forth herein, we reverse in part the order and judgment of the trial court.

The pertinent facts of the instant appeal are as follows: On 24 April 2001, Debra B. Goldston ("plaintiff") filed a complaint against defendant in Columbus County District Court seeking, in pertinent part, equitable distribution of the marital estate. The matter came before the trial court on 15 November 2001. Upon consideration of the evidence, the trial court made the following findings of fact:

13. That prior to the marriage, the Defendant owned a house situated on the lot at 302 Lakeshore Drive in Lake Waccamaw, North Carolina.

14. That the lot was deeded by the Defendant to the Plaintiff and Defendant as tenants by the entirety on January 9, 1996 by deed recorded in deed book 497 at page 239.

15. That before the lot at 302 Lakeshore Drive in Lake Waccamaw, North Carolina was deeded to the parties as tenants by entirety, the Defendant moved the house located at 302 Lakeshore Drive to Waccamaw Shores.

16. That a lot at Waccamaw Shores was deeded to the Plaintiff and Defendant as tenants by entirety by Plaintiff's parents prior to the house being moved onto the lot.

17. That prior to the separation of the parties, the parties sold the house and lot in Waccamaw Shores to the Defendant's son for $74,013.12.

18. That the Defendant has had possession of the money from the sale of the lot since the date of separation and has invested the same in an interest bearing account having a balance on the date of hearing of $79,191.97.

Based on the above-stated findings of fact, the trial court concluded that "the Defendant moved his separate property, the home [originally located at 302 Lakeshore Drive] onto the lot [at Waccamaw Shores] thereby transforming the same to marital property." The trial court therefore classified the proceeds of the sale of the house and lot at Waccamaw Shores as marital property. The trial court further concluded that an unequal division of the marital property in favor of plaintiff was equitable and entered judgment accordingly. From the judgment of the trial court, defendant appeals.

---

Defendant argues that the trial court erred by (1) classifying the proceeds of the sale of the house and lot at Waccamaw Shores as marital property and (2) determining that an unequal division of the marital assets in favor of plaintiff was equitable. For the reasons set forth herein, we reverse in part the judgment of the trial court.

[1] Defendant argues that the trial court erred in classifying the proceeds from the sale of the real property located at Waccamaw Shores as entirely marital rather than part marital and part separate. In an equitable distribution action, the trial court must first classify all property owned by the parties as marital or separate, as defined by the statute. See N.C. Gen. Stat. § 50-20(a) (2001); McLean v. McLean, 323 N.C. 543, 545, 374 S.E.2d 376, 378 (1988). Marital property includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties[.]" N.C. Gen. Stat. § 50-20(b)(1) (2001). Separate property is

all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage. However, property acquired by

gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance. Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance. The increase in value of separate property and the income derived from separate property shall be considered separate property.

N.C. Gen. Stat. § 50-20(b)(2) (2001). "Property can have a dual nature, and can be classified as part separate and part marital." *Nix v. Nix*, 80 N.C. App. 110, 113, 341 S.E.2d 116, 118 (1986). Where property is dual in nature, the trial court applies a "source of funds" approach to distinguish between marital and separate contributions to the property. *See Wade v. Wade*, 72 N.C. App. 372, 381-82, 325 S.E.2d 260, 269, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Under this approach, "when both the marital and separate estates contribute assets towards the acquisition of property, each estate is entitled to an interest in the property in the ratio its contribution bears to the total investment in the property." *Id.* at 382, 325 S.E.2d at 269; *see also McLeod v. McLeod*, 74 N.C. App. 144, 154, 327 S.E.2d 910, 916, *cert. denied*, 314 N.C. 331, 333 S.E.2d 488 (1985).

In the instant case, the property at issue is $74,013.12, the proceeds of the sale of the house (originally located at 302 Lakeshore Drive) and lot at Waccamaw Shores. Defendant acquired the house and lot located at 302 Lakeshore Drive prior to his marriage to plaintiff. The house and lot were therefore clearly defendant's separate property unless transformed to marital property by defendant. "Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance." N.C. Gen. Stat. § 50-20(b)(2). The lot located at 302 Lakeshore Drive became marital property when, on 9 January 1996, defendant deeded the lot to plaintiff and defendant as tenants by the entirety. Prior to deeding the lot, however, defendant removed the house located thereon, and moved it to the Waccamaw Shores lot, which was titled to defendant and plaintiff as tenants by the entirety. The trial court concluded that, by removing the house and placing it on a lot titled to plaintiff and defendant as tenants by the entirety, defendant transformed the house to marital property. We disagree.

In *Wade,* the plaintiff-husband owned a lot prior to marriage. During the marriage, the parties constructed a residence upon the lot, thereby substantially improving the property. The defendant-wife urged that the Court "adopt the theory of 'transmutation through commingling' and find that the improved real property [was] entirely marital property. Under that theory, affirmative acts of augmenting separate property by commingling it with marital resources is viewed as indicative of an intent to transmute, or transform, the separate property to marital property." *Id.* at 381, 325 S.E.2d at 269. The Court expressly rejected the defendant's argument, noting the "clear legislative intent that separate property brought into the marriage or acquired by a spouse during the marriage be returned to that spouse, if possible, upon dissolution of the marriage." *Id.* Instead, the Court concluded that the house and lot were of dual nature and, applying the source of funds approach, concluded that "that part of the real property consisting of the unimproved land owned by plaintiff prior to the marriage should be considered separate in character and that part of the property consisting of the house which was constructed during the marriage with marital funds should be considered marital in character." *Id.* at 382, 325 S.E.2d at 269.

Here, the house originally located at 302 Lakeshore Drive and moved to Waccamaw Shores was acquired by defendant prior to the marriage and was clearly his separate property. The trial court made no findings evincing an intent by defendant to transfer the house to the marital estate. Citing *Walter v. Walter,* 149 N.C. App. 723, 561 S.E.2d 571 (2002), plaintiff argues that, by moving the house to the Waccamaw Shores lot titled to both plaintiff and defendant as tenants by the entireties, defendant made a gift to the marital estate, and that it was defendant's burden to overcome this gift presumption. We disagree.

The Court in *Walter* held that a house acquired by the parties *during* the marriage was not of dual nature but entirely marital, even though the defendant-husband contributed separate monies to the purchase price of the house. Because the house was acquired during the marriage, there was a rebuttable presumption of donative intent by the defendant-husband of the separate monies under the "interspousal gift provision" of section 50-20(b)(2). *See id;* N.C. Gen. Stat. § 50-20(b)(2) ("property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance"). As the defendant-husband offered no clear and convincing evidence to rebut the pre-

GOLDSTON v. GOLDSTON

[159 N.C. App. 180 (2003)]

sumption of donative intent, the property was entirely marital. *See id.* In contrast to *Walter,* defendant here acquired the house *before* marriage, and thus there was no presumption of donative intent under section 50-20(b)(2). Rather, it was plaintiff's burden to prove that defendant intended the house to be a gift to the marriage. *See Caudill v. Caudill,* 131 N.C. App. 854, 857, 509 S.E.2d 246, 248-49 (1998). We conclude that the act of physically transferring the location of the house onto the lot owned by the parties as tenants by the entireties, unaccompanied by any other evidence of donative intent by defendant, was insufficient to rebut the statutory mandate that separate property remain separate "unless a contrary intention is expressly stated in the conveyance." N.C. Gen. Stat. § 50-20(b)(2). The proceeds of the sale of the lot and house are therefore dual in nature, and the trial court's order classifying the entire property as marital must be reversed. *See Walter,* 149 N.C. App. at 729, 561 S.E.2d at 570; *see also Cable v. Cable,* 76 N.C. App. 134, 137, 331 S.E.2d 765, 767 (concluding that, by treating the house and lot as separate property solely because the house built with marital funds was built on land acquired by the defendant prior to the marriage, the trial court erred in classifying the property), *disc. review denied,* 315 N.C. 182, 337 S.E.2d 856 (1985); *Lawrence v. Lawrence,* 75 N.C. App. 592, 595, 331 S.E.2d 186, 188 (concluding that "[t]hat part of the real property consisting of the unimproved property owned by defendant prior to marriage should be characterized as separate and that part of the property consisting of the additions, alterations and repairs provided during marriage should be considered marital in nature" ), *disc. review denied,* 314 N.C. 541, 335 S.E.2d 18 (1985).

[2] Defendant further argues that the trial court erred in concluding that an unequal division of the marital estate was equitable. We discern no abuse of discretion by the trial court. *See Wiencek-Adams v. Adams,* 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (noting the general rule that only when the evidence fails to show any rational basis for the distribution ordered by the court will its determination be upset on appeal). The trial court found that in light of, *inter alia,* substantial separate property owned by defendant, the post-separation use of the marital residence by defendant, the income and liability of the parties, and the duration of the marriage, an unequal division was equitable. Defendant has advanced no compelling grounds to disturb the trial court's ruling in that respect, nor do we discern such. We overrule this assignment of error.

In conclusion, we hold that the trial court erred in classifying the monies received for the sale of the lot and house at Waccamaw Shores as entirely marital. We therefore reverse the judgment of the trial court in part and remand this case for reclassification of the proceeds of the sale of the house and lot at Waccamaw Shores and for reevaluation of the equitable distribution award. We otherwise affirm the judgment of the trial court.

Affirmed in part, reversed in part and remanded.

Judges HUDSON and STEELMAN concur.