KAREN SUE BRANTLEY ROWLAND, PLAINTIFF v. TERRY LYNN ROWLAND, DEFENDANT

No. COA05-337

(Filed 20 December 2005)

**Divorce— equitable distribution—civil service pension—marital property**

A civil service pension, received in lieu of social security, should have been classified as marital rather than as separate property, and the equitable distribution order was remanded. N.C.G.S. § 50-20(b)(1).

Appeal by defendant from judgment entered 14 September 2004, by Judge Donna H. Johnson in Cabarrus County District Court. Heard in the Court of Appeals 3 November 2005.

*Mary Beth Smith for plaintiff appellee.*

*Tharrington Smith, L.L.P., by Jill Schnabel Jackson and Fred M. Morelock, for defendant appellant.*

McCULLOUGH, Judge.

Defendant (Mr. Rowland) appeals from judgment of equitable distribution finding that plaintiff's (Mrs. Rowland) civil service retirement account was her separate property and therefore not subject to equitable distribution. We reverse and remand.

FACTS

Mr. and Mrs. Rowland were married on 23 July 1965 and separated on 30 September 2002. On 14 January 2004, the parties came before the district court in order to make an equitable distribution of the marital estate. The matter was continued and again heard in district court 10 March 2004. In the pretrial order, the parties contended in Schedule D that both sides were unable to agree on whether Mrs.

ROWLAND v. ROWLAND

[175 N.C. App. 237 (2005)]

Rowland's civil service retirement pension and Mr. Rowland's social security benefits should be classified as marital property or not. At trial Mrs. Rowland argued that, if her civil service retirement pension were considered marital property, then Mr. Rowland's social security benefits should be valued and considered marital as well for distribution. Mr. Rowland contended at trial that his social security benefits were separate property and not subject to valuation and distribution.

The evidence tended to show at trial that during the marriage, Mrs. Rowland was employed by the Social Security Administration as a civil service employee. During the entire period of employment, Mrs. Rowland was exempt from social security coverage. Near the beginning of her employment she selected civil service coverage instead of social security coverage. In lieu of social security coverage, Mrs. Rowland was enrolled in a civil service retirement system pension. The civil service retirement system benefits had a date-of-separation value of $351,583.68.

Mr. Rowland was employed during the marriage as a government employee of Cabarrus County, North Carolina. He retired from county employment in 1998 and began working for Tax Management Associates (TMA). Mr. Rowland was not exempt from social security coverage, and it was determined that the present value of his Social Security benefits at the date of separation was $171,056.08.

The district court judge entered a judgment of equitable distribution after hearing all the evidence and arguments in which he made findings of facts and conclusions of law on 14 September 2004. In finding 8(e) the judge found:

The Defendant's [Mr. Rowland] social security account is not marital. The Plaintiff's [Mrs. Rowland] civil service account is not marital. According to the uncontroverted evidence, there are no rights of survivorship on this account. Although the Plaintiff was employed by the social security administration, she does not have a social security account. Early in her employment, the Plaintiff was forced to elect between a social security account and a civil service account. She chose the civil service account, with no rights of survivorship to the Defendant's social security account. Therefore, the social security account in the Defendant's name and valued at $171,056.08 is the Defendant's separate property. In addition, the civil service account in the Plaintiff's name and valued at $351,583.68 is the Plaintiff's separate property.

The judgment also stated in 11(e)(1): "That the Plaintiff has her civil service retirement in lieu of social security. That Defendant has his social security account and the Plaintiff has no right of survivorship." The trial court then determined that an equal distribution would be inequitable and instead distributed the marital estate giving 52 percent to Mrs. Rowland and 48 percent to Mr. Rowland.

Defendant now appeals.

## ANALYSIS

On appeal, Mr. Rowland contends that it was error for the trial court to classify Mrs. Rowland's civil service retirement system pension as separate property. We agree.

In an action for equitable distribution the court must classify property as either "marital property" or "separate property," as defined in N.C. Gen. Stat. § 50-20(b)(1) and § 50-20(b)(2), before dividing the property pursuant to § 50-20(c). *Caudill v. Caudill*, 131 N.C. App. 854, 855, 509 S.E.2d 246, 247-48 (1998). Accordingly, federal law provides that civil service retirement benefits are subject to classification and distribution in equitable distribution proceedings. 5 U.S.C. § 8345(j) (2005). Moreover, North Carolina General Statute § 50-20(b)(1) states that "all vested and nonvested pension, retirement, and other deferred compensation rights, and vested and nonvested military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act" are marital property and therefore mandates a classification of marital in this case. N.C. Gen. Stat. § 50-20(b)(1) (2003); *see also* N.C. Gen. Stat. § 50-20.1(d) (coverture formula).

In the instant case, the evidence is clear that Mrs. Rowland was enrolled in a civil service retirement pension. We believe that the General Assembly has indicated through the plain language of the statute that all pensions be classified as marital property, and therefore N.C. Gen. Stat. § 50-20(b)(1) is controlling in this situation. Therefore, it was error for the district court to classify Mrs. Rowland's civil service retirement system benefits as separate property.

Accordingly, we find that the trial court erred in classifying Mrs. Rowland's civil service retirement system pension as separate property, and we remand to the trial court to enter a new order of equitable distribution. However, the trial court is still entitled to make a

**IN RE C.L.S.**

[175 N.C. App. 240 (2005)]

distribution of the marital assets as the North Carolina General Statutes allow.

Reversed and remanded.

Judges ELMORE and LEVINSON concur.